IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: Morning Song Bird          Case No. 2:14-mc-39
Food Litigation

United States of America

     v.                              Case No. 2:12-cr-24

The Scotts Miracle-Gro
Company

OPINION AND ORDER

     This matter is before the court on the application of the putative class plaintiffs in the case of In re Morning Song Bird Food Litigation, Case No. 3:12-cv-1592-JAH-RBB, now pending in the United States District Court for the Southern District of California, for an order authorizing disclosure by this court's probation office of the presentence report ("PSR") and related documents prepared during the criminal prosecution of The Scotts Miracle-Gro Company ("Scotts") in this court. See United States v. The Scotts Miracle-Gro Company, Case No. 2:12-cr-24 (S.D. Ohio). Plaintiffs also seek to obtain a transcript of a presentencing in camera conference held in that case on July 13, 2012. Scotts has filed a motion in the criminal case to seal the transcript and the government has filed a sealed motion advocating that the PSR not be disclosed.

I. Background

A. Scotts Criminal Action

     In 2012, this court presided over the criminal prosecution against Scotts in which Scotts was charged by information with eleven misdemeanor counts involving pesticide misuse, falsification

of pesticide registration documents, distribution of a misbranded pesticide and distribution of unregistered pesticides. In particular, Count 1 charged pesticide misuse in violation of 7 U.S.C. §136j(a)(1)(G), and alleged that Scotts improperly used pesticides to treat grains which were marketed as bird food. The remaining counts pertained to the falsification of forms by a single Scotts employee and the resultant mislabeling of other Scotts' products unrelated to bird seed. Scotts pleaded guilty to the information pursuant to a plea agreement which included a binding sentencing agreement under Fed. R. Crim. P. 11(c)(1)(C). On September 10, 2012, Scotts was sentenced to pay a fine in the amount of $4,000,000, special assessments totaling $1,375, and a community service payment in the total amount of $500,000. No term of probation was imposed.

B. Class Plaintiffs' Request for Disclosure

On January 31, 2013, an amended consolidated class action complaint was filed in the United States District Court for the Southern District of California. In that case, putative class representatives alleged claims against The Scotts Miracle-Gro Company, The Scotts Company LLC, and individual John Doe defendants stemming from Scotts' sale of allegedly toxic bird food. On November 13, 2014, counsel for the putative class sent a letter to this court's probation office, requesting disclosure under the Freedom of Information Act ("FOIA") of all correspondence between Probation Officer Schal Boucher, the author of the PSR in the Scotts case, the Environmental Protection Agency ("EPA"), and Scotts. By letter dated November 28, 2012, Ms. Boucher informed counsel that he would "need to send a subpoena for the records you

are requesting directly to the Court" as the "probation office is unable to release any records from this file without the Court's permission." Doc. 9-4, PAGEID #179.

By letter dated December 10, 2014, addressed to this court, counsel for the class plaintiffs requested that the court grant authorization for the probation office to release records in the Scotts case, including the PSR, witness interviews, correspondence and communications with governmental agencies, and internal company documents that were prepared or submitted as part of Scott's presentence investigation. See Doc. 1. This letter was assigned a miscellaneous case number to create a record of these proceedings and to permit any other interested parties to respond. Counsel representing Scotts in the California case submitted a letter opposing disclosure of the PSR and related documents. See Doc. 2.

By letter dated February 18, 2015, the class plaintiffs renewed their request for disclosure of the PSR and pre-sentence communications, attaching redacted versions of an objection letter from Scotts to Ms. Boucher dated June 18, 2012, and another objection letter from Scotts to Ms. Boucher dated June 24, 2014, as exhibits. See Docs. 8 and 9. By letter dated March 9, 2015, counsel for Scotts responded that the redactions in these documents were the subject of discovery discussions in the California case in September of 2014. Counsel alleged that plaintiffs' letters to this court are an attempt to bypass the parties' meet-and-confer agreement in the California case resolving this discovery issue. See Doc. 11.

On April 1, 2015, the class plaintiffs submitted additional information consisting of an ex parte application filed in the

3

California court concerning their pending class certification motion, and requested that certain materials be filed under seal. Those materials included the supplemental addendum to the Scotts PSR, and an unredacted version of Scotts' June 18, 2012, letter to Ms. Boucher.  See Doc. 15.  The magistrate judge assigned to the instant miscellaneous action granted the motion to seal, but directed that any party seeking to have the documents remain under seal to file a motion within fourteen days.  Doc. 14.

On April 16, 2015, counsel for Scotts filed a motion to seal the April 1, 2015, materials submitted by plaintiffs for filing under seal.  Doc. 16.  Scotts' counsel maintained that on March 25, 2015, Scotts notified plaintiffs that the addenda to the PSR had been inadvertently disclosed in discovery, and asked plaintiffs to destroy the inadvertently disclosed materials pursuant to Fed. R. Civ. P. 26(b)(5)(B).  On April 1, 2015, the class plaintiffs filed an application in the California action seeking a ruling that the inadvertently produced materials could be considered on the merits as support for their motion for class certification.  By order entered on June 5, 2015, in the California action, Magistrate Judge Brooks denied the class plaintiffs' application for authorization to use the documents, noting that it was for this court to rule on the scope and applicability of this court's local rule governing the disclosure of PSRs and related materials.  See Doc. 23, Ex. B.

C. Request for Disclosure of Transcript of Pre-Sentencing Hearing

In April of 2015, this court was advised that the class plaintiffs were seeking a transcript of the in camera pre-sentencing conference held in the Scotts case on July 13, 2012. This court entered an order in the criminal case directing that any

4

party seeking to have the transcript sealed could file a motion to that effect. See Case No. 2:12-cr-24, Doc. 26. On April 20, 2015, Scotts filed a motion to seal. See Case No. 2:12-cr-24, Doc. 27. On May 11, 2015, the California class plaintiffs filed a motion to intervene in the criminal action to obtain disclosure of the transcript. See Case No. 2:12-cr-24, Doc. 28. On May 14, 2015, this court denied the class plaintiffs' motion to intervene in the criminal case, but invited them to file a response to Scotts' motion to seal in the miscellaneous action. The class plaintiffs did so, and Scotts filed a reply.

On July 2, 2015, the government filed a brief motion under seal in Case No. 2:12-cr-24 entitled "Motion in Support of Local Rule 32.1(k)." The government, without reference to the contents of the Scotts PSR or the subject matter of the July 13, 2012, conference, urged this court in general terms to exercise its discretion under Southern District of Ohio Local Rule 32.1(k) by declining to order disclosure of the PSR and related documents. The government argued that plaintiffs' proposed use the PSR in their civil action does not constitute a "special need" outweighing the need for confidentiality, and that the parties' reference in sentencing memoranda to information which was also contained in the PSR did not constitute a waiver of their right to advocate that the PSR remain sealed.

D. Probation Office's Response

Following a meeting with Chief Probation Officer John Dierna, Deputy Chief Probation Officer Phelps Jones, and Supervising Probation Officer Beth Harris, Ms. Boucher, in a memorandum dated April 22, 2015, recommended that the PSR and any documents gathered

during the presentence investigation that are still maintained in the probation office's file not be disclosed.  Ms. Boucher stated:

> The probation officer has concerns that disclosing such information and documents may potentially compromise the presentence investigative process and free flow of sentencing information customarily received by the probation office and in turn provided to the Court for purposes of sentencing.  Thus, it is this officer's opinion that maintaining the confidentiality of the presentence report and investigative information, including the resolution of any objections during the presentence process, is essential to the ongoing free flow of information.

April 22, 2015, Memorandum, pp. 1-2.

In addition, by memorandum dated January 12, 2015, Ms. Boucher informed the court that the electronic case file in the <u>Scotts</u> case maintained by the probation office includes the information, the plea agreement, the judgment entry, and the PSR (including the sentencing recommendation), and the addenda (including objection letters).  Ms. Boucher orally advised the court that following the sentencing hearing, all other documents provided by the parties were disposed of in accordance with probation office policy, which does not permit keeping paper case files.  Ms. Boucher also indicated that she did not retain her e-mail correspondence with the parties and counsel in the <u>Scotts</u> case.  Ms. Boucher stated that because Scotts was not placed on any type of probation or post-sentencing supervision, there was no need to preserve any of the materials which were not required to be scanned pursuant to probation office policy, those being the documents referred to above.  Therefore, the only issues before the court are whether the class plaintiffs are entitled to disclosure of the PSR, the recommendation, and the addenda (including objection letters), and

whether the transcript of the July 13, 2012, in camera hearing should be disclosed.

## II. Disclosure of PSR and Related Documents

### A. Court's Authority to Rule on Application

In In re Siler, 571 F.3d 604, 610 (6th Cir. 2009), the Sixth Circuit questioned whether the district court had any authority to entertain a motion by a third party to unseal or release PSRs, noting that, after sentencing, PSRs are in the custody of the probation office. Id. at 609. But see Fuller-Avent v. United States Probation Office, 226 F.App'x 1 (D.C.Cir. 2006)(federal probation offices are administrative units of the United States courts, citing 18 U.S.C. §3602); United States v. Schlette, 842 F.2d 1574, 1577 (9th Cir. 1988)(PSRs and related documents are court records, and control of these documents rests within the discretion of the district court); United States v. Harris, 635 F.2d 526, 528 (6th Cir. 1980)(the probation office is an arm of the court).[1]  The Sixth Circuit also concluded, in the alternative, that even if the district court had the power to order the release of the PSRs to a third party, the court did not abuse its

---

[1]    The Sixth Circuit further commented that PSRs may be subject to disclosure by filing a request under FOIA. In re Siler, 571 F.3d at 610.  However, FOIA exempts federal courts from its disclosure requirements, as federal courts are excluded from the definition of "agency." See 5 U.S.C. 551(1)(B); Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1177 (6th Cir. 1983). Because the probation office is an arm of the court, it would likewise be exempt from FOIA requests. U.S. Dept. of Justice v. Julian, 486 U.S. 1 (1988), cited by In re Siler, 571 F.3d at 609, for the proposition that PSRs may be disclosed under FOIA, is distinguishable.  Julian involved FOIA requests by inmates for disclosure of their own PSRs which were in the custody of the Parole Commission, an agency of the Department of Justice, not a FOIA request made to a probation office.

7

discretion by denying the requests for disclosure.  In re Siler, 571 F.3d at 609-611.

In In re Siler, the district court's local rules did not govern access to PSRs.  Id. at 610.  The instant case is distinguishable because the local rules for the Southern District of Ohio do address the disclosure of PSRs and other probation office records.  Under S.D. Ohio Local Rule 32.1(e), the final PSR is disclosed to the judge and to counsel for the defendant and the government.  Local Rule 32.1 further provides:

> The presentence report and related documents shall be maintained in confidence and under seal.  Unauthorized copying or disclosure of the information contained in any draft or final presentence report, addendum, statement, or attachment to such a report will be an act in contempt of Court, and punished accordingly.

S.D. Ohio Local Rule 32.1(k).  In addition, S.D. Ohio Local Rule 32.2 provides:

> (a) Probation and Pretrial Services Officers are officers of the Court.  Their confidential records and files are the confidential records of the Court and the information they acquire in performing their duties is confidential.
>
> (b) The Director of the Administrative Office of the United States Courts has promulgated regulations establishing procedures for the production or disclosure of documents and the testimony of judiciary personnel in legal proceedings.  Those regulations are applicable in this Court except as otherwise provided in this Rule....
>
> (c) When disclosure of Probation or Pretrial Services records or a request for the testimony of a Probation or Pretrial services Officer is sought by way of subpoena or other judicial process, the Chief of Probation or Pretrial Services shall consult with the Chief District Judge of this Court with respect to responding to the subpoena or other judicial process....  If the request relates to the Probation Office, the Chief District Judge may refer the matter to the district Judge or Magistrate Judge who passed sentence.

8

S.D. Ohio Local Rule 32.2.  In this case, the probation officer properly brought the class plaintiffs' request for probation records to the attention of former Chief Judge Dlott, who referred the matter to the undersigned judge.

The Administrative Office of the United States Courts has also issued policy directives in its Guide to Judiciary Policy concerning the disclosure of PSRs and other probation records which were not discussed by the In re Siler court.  The Guide to Judiciary Policy, Volume 20, Administrative Claims and Litigation, Chapter 8, governs the production of records, whether by subpoena or any other request by whatever method.  Guide to Judiciary Policy, Volume 20, §810.30.  The policy statements apply to all components of the federal judiciary and their personnel.  Guide to Judiciary Policy, Volume 20, §810.40(a)(1).  Federal judicial personnel may not produce records in legal proceedings except as authorized in accordance with these regulations.  Guide to Judiciary Policy, Volume 20, §820(a).

A request for production of records must include a statement explaining the nature of the records sought, the relevance of the records sought to the legal proceedings, and the reasons why the records sought, or the information contained therein, are not readily available from other sources or by other means.  Guide to Judiciary Policy, Volume 20, §830(a).  In the case of a request directed to a district judge, the district judge is authorized to make the disclosure determinations under the regulations.  Guide to Judiciary Policy, Volume 20, §840(b)(1).  Where the request is directed to a probation office, the determining officer will be the chief probation officer; however, "the determining officer ...

should, as provided by local rule or order, consult with the chief judge of the court served by the particular office regarding the proper response to a request." Guide to Judiciary Policy, Volume 20, §840(b)(3).

The policy statements list several factors for the court to consider in determining the effect that disclosure will have, in this and future cases, on the ability of the federal judiciary to perform their official duties. Guide to Judiciary Policy, Vo. 20, §850(a). Those factors include: the need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission; whether the request meets the requirements of the regulations; whether the request was properly served under applicable court, administrative, or other rules; whether the production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process; whether the production of records would disclose confidential information from or pertaining to a presentence investigation report; and whether the request seeks records or documents available from other sources. Guide to Judiciary Policy, Volume 20, §850(a)(1), (7), (8), (10). (11) and (13).

The Guide to Judiciary Policy, Volume 8, Part D, Probation and Pretrial Services, Chapter 6, contains specific policy statements concerning the disclosure of PSRs to third parties. The PSR is a confidential document which may be provided to the prosecution and

the defense attorneys for the purpose of the sentencing hearing, and for the government's use in collecting financial penalties. Guide to Judiciary Policy, Volume 8, §630(a). The policy statements further provide:

> As a general rule, the presentence report is unavailable to anyone other than as described above, without permission of the court. The presentence report is primarily for court use, and court policies should be rigidly followed in revealing the contents of the report beyond the court. Except for the provisions noted above, the court has complete discretion as to the disclosure of the presentence report, and consent of the court should be sought before other disclosures are made.

Guide to Judiciary Policy, Volume 8, §630(c). Where the court orders that the court/probation records remain confidential and specifically directs that the probation officer decline to produce any records if subpoenaed, the officer is precluded from disclosing such information. Guide to Judiciary Policy, Volume 8, §630(d). "Circumstances warranting disclosure of probation records are rare and are determined by the sentencing judge." Id. Confidentiality may be lifted at the discretion of the court if disclosure of the requested information "is necessary to 'meet the ends of justice,' ... although disclosure should be denied when the requested information is available by another means since the 'ends of justice' do not include mere convenience." Guide to Judiciary Policy, Volume 8, §630(d)(2).

In a memorandum dated December 16, 2014, Judge John D. Bates, Director of the Administrative Office of the United States Courts, addressed the topic of requests for access to PSRs, noting:

> Third parties seeking access to information contained in presentence reports ... must comply with case law, Judiciary and DOJ policy, and local rules and standing orders that prescribe the manner for making a disclosure

> request. Courts generally deny such requests absent
> compelling circumstances. The sentencing judge
> determines whether further disclosure is warranted.

December 16, 2014 Memorandum, p. 1 (footnote omitted).

This court concludes that it has the authority under this court's local rules and the Guide to Judiciary Policy to rule on the class plaintiffs' request that authorization be given to the probation office to disclose the Scotts PSR and related documents. See United States v. Barker, Nos. 3:13-mc-15 and 3:13-mc-16, 2014 WL 661603 at **5-6 (S.D. Ohio Feb. 19, 2014)(PSR is a court document designed and treated principally as an aid to the court in sentencing; sentencing court retains authority to permit or deny release of the PSR)(citing Local Rules 32.1(k) and 32.2 and Guide to Judiciary Policy, Volume 8, §630(c))(Report and Recommendation adopted 2014 WL 1365951 (S.D.Ohio April 7, 2014). The court will proceed to address the merits of the application.

B. Access under First Amendment

The class plaintiffs argue that they have a right of access to the PSR and related documents under the First Amendment. However, the First Amendment right of access is not absolute; rather, it is a flexible concept which allows a district court discretion to deny access. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978); In re Search of Fair Finance, 692 F.3d 424, 430 (6th Cir. 2012). In United States v. Corbitt, 879 F.2d 224, 237 (7th Cir. 1989), the court held that a newspaper publisher had no First Amendment right to disclosure of a PSR, reasoning that PSRs have not generally been available to the public, and that publicity would not help to insure that the presentence investigation is properly conducted. See also In re Hearst Newspapers, L.L.C., 641

12

F.3d 168, 181 n. 14 (5th Cir. 2011)(First Amendment right of access to sentencing proceedings did not extend to the practice of keeping PSRs confidential, noting that PSRs have historically been treated as confidential, and the Federal Rules of Criminal Procedure expressly provide for limited access to information contained in PSRs); <u>CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of California</u>, 765 F.2d 823, 826 (9th Cir. 1985)(PSRs are not subject to the First Amendment right of access due to their confidential nature).  The First Amendment does not compel granting access to the PSR and related documents in this case.

<u>C. Common Law Right of Access to Judicial Records</u>

The class plaintiffs are not entitled to disclosure of the PSR under the common law right of access to judicial records.  Although the common law right of access creates a strong presumption in favor of public access to materials submitted as evidence in open court, the presumption does not apply to materials submitted to the court under seal.  <u>Corbitt</u>, 879 F.2d at 228.  In the case of confidential judicial records, the party seeking disclosure may not rely on presumptions, but instead must make a specific showing of the need for access to the document.  <u>Id.</u>  PSRs are not treated as public records, but are handled and marked as confidential reports.  <u>In re Siler</u>, 571 F.3d at 610.  Thus, the common law right of access to court records does not cover the <u>Scotts</u> PSR.  <u>Id.</u>

<u>D. Disclosure under the Special Need Standard</u>

<u>1. Presumption in Favor of Nondisclosure</u>

There is a "'general presumption that courts will not grant third parties access to the presentence reports of other individuals.'"  <u>United States v. Huckaby</u>, 43 F.3d 135, 138 (5th

Cir. 1995)(quoting United States v. Smith, 13 F.3d 860, 867 (5th Cir. 1994)); Schlette, 842 F.2d at 1579 (courts have usually applied a strong presumption in favor of confidentiality). PSRs are not public documents. In re Siler, 571 F.3d at 610. PSRs are traditionally kept from the public eye and maintained under seal. Ashworth v. Bagley, 351 F.Supp.2d 786, 789 (S.D.Ohio 2005). Under Fed. R. Crim. P. 32, the PSR must be given to the defendant, the defendant's attorney, and an attorney for the government. Fed. R. Crim. P. 32(e)(2).

2. Special Need Standard

Rule 32 is silent on whether the PSR can be disclosed to third parties. However, "in both civil and criminal cases the courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals." Julian, 486 U.S. at 12 (emphasis in original). Courts have typically required some showing of special need before they will allow a third party to obtain a copy of a PSR. Julian, 486 U.S. at 12; see also United States v. Williams, 624 F.3d 889, 894 (8th Cir. 2010)(requiring some showing of special need before a district court releases a PSR to a third party); United States v. Anzalone, 886 F.2d 229, 233 (9th Cir. 1989)(party seeking disclosure must show a large compelling need for disclosure to meet the ends of justice). Even where a third party shows a compelling, particularized need for disclosure of the PSR, "the court must be sensitive not only to the interests in confidentiality of the particular report, but also to the possible future effects of disclosure in any particular case." Corbitt, 879 F.2d at 239.

Courts have held that a special need is not shown where the

14

third parties need the PSR because they failed to adequately complete discovery in their civil litigation, or where the information in the PSR is available from other sources. See In re Siler, 571 F.3d at 611; see also United States v. Jewell, 614 F.3d 911, 922 (8th Cir. 2010)(no abuse of discretion in requiring third party to show that other sources of information were not adequate for his purposes); United States v. Spotted Elk, 548 F.3d 641, 672 (8th Cir. 2008)(special need not shown where information about co-conspirators could be obtained from publicly available sources); Bellar ex rel. Bellar v. United States, 221 F.R.D. 674, 678 (D.N.M. 2003)(disclosure not justified where virtually everything in the PSR is available from other sources).

Likewise, the mere fact that disclosure of the PSR would facilitate the preparation of plaintiffs' civil case is not sufficient. Bellar, 221 F.R.D. at 678; Hancock Brothers, Inc. v. Jones, 293 F.Supp. 1229, 1232 (N.D.Cal. 1968)(where plaintiffs in civil action against corporation based on the same conduct involved in the corporation's criminal prosecution sought PSR for "the avoidance of expense and additional work," disclosure was denied, as "[m]ere convenience is not enough to encroach upon the secrecy" of such materials). The fact that information in a PSR may be relevant to plaintiffs' civil action is also not enough to overcome the strong presumption of confidentiality. Rodgers v. Gilbert, No. 3:11-CV0604-H, 2012 WL 1567203 at *1 (W.D.Ky. April 30, 2012)(plaintiffs must show more that mere relevance); Bellar, 221 F.R.D. at 679; see also United States v. Charmer Indus., 711 F.2d 1164, 1176 (2d Cir. 1983) ("[p]roof of mere relevance, economy, and efficiency will not suffice").

The confidentiality of PSRs "is supported by powerful policy considerations." Huckaby, 43 F.3d at 138. Three such considerations are frequently cited. First, because PSRs function primarily to assist the court in determining an appropriate sentence, United States v. Molina, 356 F.3d 269, 274 (2d Cir. 2004), PSRs reveal not only information concerning the offense, but also, in broad terms, any information concerning the defendant that may aid the court in sentencing. See Huckaby, 43 F.3d at 138. The defendant has a privacy interest in the PSR because it "routinely describes the defendant's health, family ties, education, financial status, mental and emotional condition, prior criminal history and uncharged crimes." Id.; see also United States v. Trevino, 89 F.3d 187, 191 (4th Cir. 1996)(routine disclosure of confidential PSR information may compromise the defendant's privacy interest in that material).

The importance of this privacy interest is supported by the fact that PSRs do not conform to the rules of evidence, and may contain errors. Huckaby, 43 F.3d at 138; see also Charmer Indus., 711 F.2d at 1171 (PSRs may contain hearsay statements that are not subject to cross-examination). The defendant is permitted under Fed. R. Crim. P. 32 to point out alleged factual inaccuracies in the PSR, and the court is not permitted to rely on information in the PSR which it finds to be inaccurate. However, even if the court agrees that the disputed material is inaccurate, "the court, it its discretion, may simply disregard the disputed material" and may "note its nonreliance but will not cause the inaccurate statements to be deleted from the presentence report." Charmer Indus., 711 F.2d at 1172; see also United States v. Iqbal, 684 F.3d

16

507, 510 (5th Cir. 2012)("a PSR is rarely revised to remove misinformation"). Because the PSR "is not usually rewritten to remove misinformation ... misunderstandings about a defendant could easily arise from the routine publication" of PSRs." Huckaby, 43 F.3d at 138.

Second, there can be a need to protect the confidentiality of the information contained in the report. Julian, 486 U.S. at 12. The PSR often relies upon confidential informants or sources of information and may include facts obtained from proceedings before the grand jury, which are otherwise secret. Huckaby, 43 F.3d at 138.

Third, because PSRs function primarily to assist the court in determining an appropriate sentence, they are generally viewed as confidential so as not to impede the free flow of information needed to assist the sentencing judge. Molina, 356 F.3d at 274; see also United States v. Shafer, 608 F.3d 1056, 1066 (8th Cir. 2010)(noting the longstanding judicial view that confidentiality should be maintained because the public availability of PSRs would likely inhibit the flow of information to the sentencing judge); Charmer Indus., 711 F.2d at 1171 (PSRs should be confidential to ensure the availability of as much information as possible to assist in sentencing). As the Supreme Court has noted, courts have been very reluctant to give third parties access to PSRs due to "the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report." Julian, 486 U.S. at 12. "'[R]equiring disclosure of a presentence report is contrary to the public interest as it may adversely affect the

sentencing court's ability to obtain data on a confidential basis from the accused, and from sources independent of the accused, for use in the sentencing process.'" United States v. Gomez, 323 F.3d 1305, 1308 (11th Cir. 2003)(quoting United States v. Martinello, 556 F.2d 1215, 1216 (5th Cir. 1977)).  In ruling on a request for disclosure of a PSR, the district court should also "ask whether disclosure would have untoward effects on the gathering of information in future presentence investigations." Corbitt, 879 F.2d at 235.

Information disclosed to probation officers during the presentence investigation is frequently given to the investigators in confidence.  Charmer Indus., 711 F.2d at 1171.  "If the defendant or cooperating third parties could reasonably fear the regular release of PSR-gathered information, it could 'stifle or discourage that vital transmission of information by defendants' and third parties, thereby hampering the court's ability to impose a sentence consistent with the" statutory sentencing factors. Iqbal, 684 F.3d at 510 (quoting Huckaby, 43 F.3d at 138).  As the court noted in Corbitt, "the defendant might be reluctant to disclose details of his or her private life due to the possibility that the contents of the presentence report might one day end up in a newspaper."  Corbitt, 879 F.2d at 234.  The court further observed that the process of preparing the PSR "can be an important first step in the rehabilitation of the defendant." Corbitt, 879 F.2d at 233.

> The defendant should not be denied the opportunity to participate fully in the important rehabilitative process of the presentence investigation because of the risk that intimate details of his or her personal life may eventually be published.  Nor should the sentencing court

18

be denied this highly relevant information, which may
provide greater insight into the defendant's character
than all other sources of presentence information
combined.

Corbitt, 879 F.2d at 233-34.  These concerns apply as well to a
corporate defendant.

3. Class Plaintiffs' Application

Addressing the class plaintiffs' application, the only
documents included within the scope of the disclosure request
pending before this court are the documents currently within the
possession of the probation office: the PSR (including the
sentencing recommendation), and any addenda to the PSR (including
the parties' objection letters).  This court determines that the
PSR request falls within the scope of Rule 32.1(k), and that the
sentencing recommendation, addenda, and objection letters from the
government and Scotts to the probation officer are "related
documents" within the meaning of Rule 32.1(k) because they were
integral to the objection process and the preparation of the final
PSR.

As to the considerations outlined in the Guide to Judiciary
Policy, Volume 20, §850(a), the class plaintiffs' request for
disclosure does involve the spending of government resources for
private purposes, and has involved an expenditure in time of
federal judicial personnel and this court.  As to whether the
request was properly served, Scotts correctly notes that the class
plaintiffs' letter to this court violated Local Rule 83.3, S.D.
Ohio, which requires attorneys who are not members of the bar of
this court to apply for admission pro hac vice, and Local
Rule7.2(c) which prohibits letters to the court.  However, after

19

this matter was assigned a case number, counsel for the class plaintiffs applied for and was granted admission pro hac vice, and the Guide to Judiciary Policy, Volume 20, §810.30, contemplates requests for PSRs "by whatever method."  The court concludes that these procedural violations were de minimus.  The request for disclosure does entail production of confidential information from or pertaining to a presentence investigation report.

As to whether the request meets the requirements of the regulations, the request must show the relevance of the records to the legal proceedings for which the information is sought.  Guide to Judiciary Policy, Volume 20, §830(a).  Although some information in the PSR concerning Count 1 of the information, misuse of pesticides in bird seed, may be relevant to the putative class action, the PSR also contains information which would not be relevant, such as information concerning Counts 2 through 11, which were totally unrelated to the charge in Count 1.

The class plaintiffs must also demonstrate that disclosure of the requested information "is necessary to 'meet the ends of justice,'" and that the requested information is not available by another means, as "the 'ends of justice' do not include mere convenience."  Guide to Judiciary Policy, Volume 8, §630(d)(2).  The claim of the class plaintiffs that they have requested the PSR and related materials to help build their case for trial and to establish Scotts' civil liability is not sufficient in itself.  The class plaintiffs cannot use this court's probation office as a convenient source of discovery materials.  Rather, the class plaintiffs must show why the information contained in the PSR and related materials is not readily available from other sources or by

20

other means.  Guide to Judiciary Policy, Volume 20, §830(a).

The court is not convinced that the class plaintiffs have satisfied this burden.  The class plaintiffs have not shown why they cannot obtain the information they seek in the California action through that court's discovery process, including document production, interrogatories, requests for expert reports and depositions.  The class plaintiffs can investigate the degree of toxicity resulting from the addition of pesticides to the bird seed by retaining their own experts and by deposing Scotts' experts.  They can pursue the issue of Scotts' knowledge of the illegal activity by deposing Scotts' employees and officers.  From the information in the PSR, it is logical to assume that both Scotts and the government possessed documents or records of their own creation, as well as their own expert reports, which were relevant to Scotts' bird seed business.  Business records and other documents created and maintained by the parties do not become "related documents" within the meaning of Local Rule 32.1(k) simply because those documents were also used as the source of information provided to the probation officer, who in turn used that information in preparing the PSR or in addressing objections.  The class plaintiffs have not shown that business or government records (excluding the <u>Scotts</u> case PSR and related documents identified above) which are in the possession of Scotts or the EPA cannot be obtained through discovery or some other process in the California action or through a FOIA request made to the EPA.[2]

_____

[2] Again, the only issue before this court is whether the PSR and related documents identified as such in this order should be disclosed.  Aside from this issue, the court expresses no opinion on the scope of any discovery in the California action or any FOIA

As to the policy considerations which are cited in favor of nondisclosure of the PSR, the court has no information that any of the information in the PSR was obtained from confidential sources. As to the defendant's privacy interest, Scotts is an international corporation whose stock is publicly traded, thereby making Scotts' finances a matter of public record.  However, that does not mean that all of the information in the PSR was intended to be for public broadcast, particularly matters bearing on Scotts' internal operations.  The risk of hearsay statements in the PSR being accorded undue significance is an important consideration in this case.  At sentencing, this court made no ruling on the objection regarding whether the pesticides in Scotts' bird seed products actually caused harm to birds, <u>see</u> Doc. 24, p. 15, yet the parties' objection letters on that issue were not redacted from the PSR and the addenda.

Nondisclosure in this case is also supported by the interest of the parties and the public in encouraging the free flow of information to the sentencing judge.  The need to encourage parties to provide information to the court relevant to sentencing was particularly important in the instant case, which involved a plea agreement with a binding sentencing agreement under Rule 11(c)(1)(C).  The court was required to determine whether the proposed sentence would serve the ends of justice and whether it was sufficient, but not greater than necessary, to satisfy the statutory sentencing factors in 18 U.S.C. §3553(a).  Thus, it was critical during the PSR process to encourage Scotts to provide information to the court relevant to sentencing.  If a precedent of

_____

request made to the Department of Justice or the EPA.

22

disclosure of the PSR is established in this case, it might discourage corporations from volunteering information in confidence in the future, and could also affect the government's ability to negotiate plea agreements in similar cases. The fact that the parties and this court made some limited reference to the evidence in the case during the sentencing hearing or in sentencing memoranda does not amount to a waiver by the parties in this case of the confidentiality of the PSR and related documents.

The court concludes that the class plaintiffs have not shown a special need for disclosure of the PSR and related documents in this case, nor have they shown that disclosure is necessary to meet the ends of justice. The request of the class plaintiffs for an order authorizing the probation office to disclose the PSR and related documents in the <u>Scotts</u> case is denied.

E. Transcript of July 13, 2012, Conference

The class plaintiffs also seek disclosure of the transcript of the July 13, 2012, pre-sentencing hearing which was held <u>in camera</u>. Scotts has filed a motion to seal the transcript.

"Every court has supervisory power over its own records and files." <u>Nixon</u>, 435 U.S. at 598; <u>see also Gomez</u>, 323 F.3d at 1307 (district courts have substantial supervisory powers over their records and files). In <u>United States v. Preate</u>, 927 F.Supp. 163 (M.D. Pa. 1996), the court addressed the issue of whether the transcript of an <u>in camera</u> pre-sentencing conference fell within the scope of the PSR's protection of confidentiality. The court noted that the conference was for the purpose of discussing the PSR and obtaining an additional proffer of information from the government to supplement the information in the PSR. <u>Id.</u> at 166.

23

The court concluded that because the matters discussed at the conference were fundamentally interconnected with the PSR, they were covered by the report's presumption of confidentiality, and could be disclosed only upon a showing of a compelling, particularized need for disclosure.  Id.

The court has reviewed the transcript of the conference in the instant case.  The conference was attended by this court, counsel and representatives of the parties, and probation officers.  As in Preate, the participants discussed the objections to the PSR.  This court also received additional information from the parties, previously requested by this court through the probation officer, which was relevant to sentencing and the court's acceptance of the Rule (c)(1)(C) agreement.  This additional information supplemented what was provided in the PSR.

The court finds that the matters discussed at the conference were so interconnected with the PSR that they should be covered by the PSR's presumption of confidentiality.  The considerations discussed above in regard to the PSR and related documents also apply to the pre-sentencing conference.  Some of the discussions addressing the offenses charged in Counts 2 through 11 of the information did not concern the pesticide offense in Count 1 and are not relevant to the class plaintiffs' action.  This conference was held in camera to encourage open exchanges and frank disclosures by the parties, including current proprietary business information and investigatory details, which they were willing to make in confidence.  If the parties had known that the hearing would later be made a public record, the court may not have received the full extent of the information it received in aid of

sentencing.  Placing the transcript on the public record now may have a chilling effect on the flow of information in cases of this type in the future.  In addition, the transcript includes this court's questions and conversations with counsel and the parties. Permitted public access to the transcript would disclose information regarding this court's exercise of its judicial responsibilities in the decisional process of determining the appropriate sentence and whether to accept the parties' plea agreement. <u>See</u> Guide to Judicial Policy, Volume 20, §850(a)(10). This factor also weighs against making the transcript a public record.

The court finds that the class plaintiffs have not shown a special need warranting disclosure of the transcript of the conference.  Scotts' motion to seal the <u>in camera</u> July 13, 2012, conference is granted.

III. Conclusion

In accordance with the foregoing, the California class plaintiffs' request in 2:14-mc-39 for an order authorizing the probation office to disclose to them the <u>Scotts</u> PSR and related documents (sentencing recommendation, addenda, and objection letters) is denied.  Scotts' motion in 2:14-mc-39 to seal (Doc. 16) is granted.  The government's motion in Case No. 2:12-cr-24 in support of Local Rule 32.1(k) is granted to the extent that it advocates the nondisclosure of the PSR and related documents identified above.  Scotts' motion to seal the July 13, 2012, <u>in camera</u> conference (Doc. 27) in Case No. 2:12-cr-24 is granted.


Date: July 29, 2015          _____s/James L. Graham_____
                             James L. Graham

                                25

United States District Judge